UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| THERON DELAWENCE JOHNSON, Petitioner | CIVIL ACTION NO. 1:17-CV-00217; SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| DEAN DOVE, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by *pro se* petitioner Theron Delawence Johnson ("Johnson") (#13200-035) on January 30, 2017. (Doc. 1). Johnson is currently in pretrial detention at the Natchitoches Parish Detention Center and is awaiting trial on federal charges. Johnson's trial is set for April 10, 2017. (See 1:16-cr-00124-01).

I. Background

Johnson challenges the indictment in Case No. 1:16-cr-00124-01. He states that he was serving time for violating his supervised release and, before his release date, an indictment was issued charging him with conspiracy and unlawful use of a communications facility. The indictment was unsealed on June 8, 2016. Johnson received the indictment the next day.

Johnson claims that the indictment was untimely, as the investigation referenced within it ended on November 27, 2015. Johnson also claims that the indictment was illegal, because the Assistant United States Attorneys had already signed their names to the indictment before Johnson was brought into court for his

arraignment. Johnson additionally states that the indictment was not served to him by a peace officer, and that he was not advised of his Miranda rights.

Johnson cites to 18 U.S.C. § 3161(b), which states that the indictment shall be filed within thirty-days of the defendant's arrest. Johnson asks for the indictment to be dismissed.

II. Law and Analysis

A defendant may not use the habeas process to collaterally attack an ongoing criminal proceeding in federal court. "Absent exceptional circumstances, a federal court may not entertain a habeas corpus petition by a defendant seeking to challenge aspects of her ongoing federal criminal trial, as 'the hearing on habeas corpus is not intended as a substitute for the functions of a trial court.'" O'Neal v. Keenan, Civ. No. 13-0180, 2013 WL 4129872 (D.D.C. Aug. 9, 2013) (citations omitted). While a defendant is awaiting trial, "the appropriate mechanisms for challenging the legality of an arrest, the constitutionality of the government's actions, or the admissibility of evidence are pretrial motions." United States v. Roberts, 463 Fed. Appx. 72, 74 (3rd Cir. 2012); see also Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988) (federal pretrial detainee generally must exhaust other available remedies before being eligible for habeas corpus relief under Section 2241). To the extent that Johnson is attempting to challenge pending federal criminal proceedings by claiming a defective indictment or indictment process[1], such a claim must be raised in the criminal case via a motion to dismiss or other proper motion.

---

[1] Even if Johnson could use the habeas process to attack his ongoing criminal proceeding, the Court notes that to the extent that Johnson seeks to challenge the time between his indictment on May 25,

III. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Johnson's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be DENIED and DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

---

2016, and his arrest and appearance before this Court on July 6, 2016, that argument is without merit. Johnson cites 18 U.S.C. § 3161(b) as authority for his argument. That provision ensures that individuals will not languish in jail without being formally indicted on particular charges. See <u>United States v. Ortiz</u>, 687 F.3d 660, 663 (5th Cir. 2012). The Court notes that Johnson was indicted before he was brought to court on these charges, and therefore did not "languish in jail" awaiting charges. Instead, Johnson was already serving time for a supervised release revocation when the indictment was filed.

Johnson references the dates of the criminal investigation mentioned in the indictment. Johnson simply states that the indictment should have been issued within the proper time limitations, but cites no legal authority for this argument. There is a general provision giving a five-year statute of limitations for all non-capital offenses. 18 U.S.C. § 3282. But beyond that, the Court finds no support for Johnson's position.

To the extent that Johnson seeks to challenge the Assistant United States Attorney's signatures on the indictment prior to Johnson appearing in court for his Initial Appearance and Arraignment, Johnson cites no legal authority, nor is the court aware of any law that requires the indictment to remain unsigned prior to a defendant's appearance. Fed. R. Cr. P. 7(c)(1) requires a signature from the government's attorney, but it does not say when the indictment must be signed.

Similarly, the Court finds no rule requiring the indictment be served upon him by a peace officer. Furthermore, during Johnson's Initial Appearance and Arraignment, Johnson was provided with the charging document before court opened. (Doc. 60). During the proceeding, Johnson was advised of his right to remain silent and his right to an attorney. (<u>Id</u>.).

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __13th__ day of February, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge